ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 28 2010

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OLTHA THOMAS AUSTIN JR., § | | |
| PETITIONER, § | | |
| § | | |
| v. § | Civil Action No. 4:10-CV-085-Y | |
| § | | |
| REBECCA TAMEZ, Warden, § | | |
| FCI-Fort Worth, § | | |
| RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A.  **NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B.  **PARTIES**

Petitioner Oltha Thomas Austin Jr., Reg. No. 13159-078, is a federal prisoner currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

The Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. PROCEDURAL HISTORY

The record reflects on March 4, 2006, Austin was arrested by Irving police for evading arrest/detention with a vehicle. (Resp't App., Ex. A at 2-4) The state charges were later changed to theft of property over $1500. On November 8, 2006, Austin was released to federal custody pursuant to a writ of habeas corpus *ad prosequendum* to answer pending federal charges in the Eastern District for mail fraud and was sentenced to 41 months' imprisonment. (*Id.*, Attach. 4) Austin was returned to state custody on November 17, 2006, with a federal detainer in place. On May 4, 2007, Austin was sentenced in state court to 20 months' imprisonment on the theft charge. The state court awarded Austin time he spent in pretrial confinement from October 28, 2006. On June 23, 2008, Austin was released from the Texas Department of Criminal Justice (TDCJ) and taken into custody of the United States Marshall Service to begin his federal sentence. TDCJ gave Austin credit toward his state sentence from October 28, 2006, until his release to the U.S. Marshall on June 23, 2008. The Federal Bureau of Prisons (the Bureau) gave Austin credit for his pretrial confinement from the date of his arrest on March 4, 2006, through October 27, 2006. (*Id.* at 4)

## D. DISCUSSION

Austin argues his initial appearance in federal court on March 6, 2006, effectively started a "federal chain of custody," and he seeks credit toward his federal sentence for the time he spent in state custody. (Pet's Memo. in Support at 1-2) The Bureau disallowed credit because Austin was given credit on his state sentence. (Resp't App., Ex. A, Attach. 12)

To the extent Austin argues he should receive credit toward his federal sentence for the time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum*, his claim fails. A prisoner detained pursuant to writ of habeas corpus *ad prosequendum* is considered to remain in

the primary jurisdiction of the first sovereign unless and until it relinquishes jurisdiction over the person. *United States v. Cibrian*, No. 09-40048, slip copy, 2010 WL 1141676, at *2 (5th Cir. Mar. 24, 2010) (not designated for publication); *Richardson v. Outlaw*, 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008) (not designated for publication). The receiving sovereign-in this case, the federal government-is therefore considered to be merely "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. *United States v. Londono,* 285 F.3d 348, 356 (5th Cir. 2002); *Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner"). No transfer of primary jurisdiction may take place unless state authorities relinquish jurisdiction over the prisoner. *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998); *see also Blackshear v. United States*, 434 F.2d 58, 59 (5th Cir. 1970) (petitioner "could not be received by the federal authorities for service of his federal sentence until he was released by the [state] authorities").

To the extent Austin attacks the manner in which his federal sentence is being executed, his claim also fails. 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

The federal criminal judgment is silent as to whether Austin's 41-month federal sentence was to run concurrently with or consecutively to any state sentence to which he might be subject. Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *United States v. Hernandez*, 234 F.3d 252, 256-57 (5th Cir. 2000). Thus, when a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively, unless the district court specifically orders that they run concurrently. *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).

Austin requested a nunc pro tunc designation that would effectuate the concurrent running of his federal and state sentences, which was denied by the Bureau. The administrator for the National Inmate Appeals responded to Austin's appeal of the denial as follows:

> This is a response to your Central Office Administrative Remedy Appeal in which you request the application of jail credit beginning March 6, 2006, and a *nunc pro tunc* designation.
>
> You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the Institution and Regional Office levels. A review of your record reveals that the credit you are requesting represents time already credited against a previously served state sentence. Federal statute prohibits the Bureau from awarding prior custody credit for time that has been credited against another sentence. Your sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.
>
> However, as a result of the decision in <u>Barden v. Keohane</u>, the Bureau considers an inmate's request for prior custody credit for time spent in state custody, as a request for a *nunc pro tunc* designation. In accordance with Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with the intent of the sentencing federal court or the goals of the criminal justice system.

> We have reviewed your appeal in accordance with the factors provided in 18 U.S.C. § 3621(b). In your case, we have determined the relevant factors under 18 U.S.C. § 3621(b) are (2), (3), and (4). Under factor (2), your federal offense is Mail Fraud.
>
> Under factor (3), your record indicates you have additional adult criminal convictions. On January 17, 1991, and February 4, 1991, you were arrested for Theft by Check. On December 18, 1991, you were sentenced to 180-days jail, probated for 6-months. On May 27, 1992, you were arrested for Terroristic Threat. You plead guilty and were sentenced to 6-months deferred probation. On June 2, 1994, you were arrested for Theft over $750.00. You plead guilty and were sentenced to 3-years deferred probation. On August 2, 2004, you were arrested for Theft of Property over $1500.00. On March 29, 2005, you were sentenced to 50-years in prison. On May 4, 2007, you were sentenced to a term of 20-months for Theft of Property.
>
> Under factor (4), the federal sentencing court is authorized under United States Sentencing Guidelines § 5G1.3, to alter the manner in which a federal sentence is served in order to achieve a reasonable punishment for the offense. The federal sentencing court denied granting a retroactive designation to run the federal sentence concurrent to your impending state sentence. Based on the foregoing, we have determined that a *nunc pro tunc* designation is not appropriate in your case.

(*Id.*, Attachs. 9, 10, 12)

Because the Eastern District court did not specify that Austin's federal sentence would run concurrently with his state sentence, the federal sentence runs consecutively to his state sentence. Austin has not shown that such consecutive sentences violate the United States Constitution or federal law. The constitution affords no right to have state and federal sentences run concurrently. *See United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences. In the absence of a violation of the United States Constitution or federal law, the fact that the Bureau considers Austin's federal sentence to run consecutive to the state sentence entitles him to no habeas relief under § 2241. The Bureau's decision is consistent with well-settled federal law and Bureau regulations regarding consecutive sentences when the federal judgment is silent on the matter.

Finally, to the extent Austin claims he is entitled to credit for time spent in state custody toward his federal sentence, his claim fails. 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

The Bureau's view of § 3585(b) is explained in Program Statement 5880.28(c) which reads as follows:

> **Prior Custody Time Credit.** The [Sentencing Reform Act] includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to 'credit for prior custody' and is controlling for making time credit determinations for sentences imposed under the SRA. . . .

Bureau of Prisons Program Statement 5880.28(c) (Feb. 14, 1997).

Here, the Bureau determined that under § 3585(b) and Program Statement 5880.28 Austin was not entitled to credit toward his federal sentence from October 28, 2006, through June 23, 2008, because he was given credit for the time on his state sentence. Because the district court did not

order that Austin's federal sentence run concurrently with any state sentence, this is a proper interpretation of the law. *See* 18 U.S.C. § 3584(a); *Adams v. Morrison*, 84 Fed. Appx. 419, 420 (5th Cir. 2003); *United States v. Gay*, No. 3:03-CV-2815-G, 2004 WL 246247, at *1-2 (N.D. Tex. Feb. 2, 2004) (not designated for publication), *adopted*, 2004 WL 743714 (N.D. Feb. 24, 2004); *United States v. VonWillie*, 59 F.3d 922, 930-31 (9th Cir. 1995).

In summary, Austin is not entitled to credit on his federal sentence for the time he was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Moreover, Austin is not entitled to credit on his federal sentence from October 28, 2006, until his release to the U.S. Marshall on June 23, 2008, because the time at issue was credited toward his state sentence. 18 U.S.C. § 3585(b). Additionally, the Bureau did not abuse its discretion in declining to grant Austin's request for a nunc pro tunc designation to run his federal sentence concurrently with his state sentence. *See* 18 U.S.C. § 3584(a); *Free*, 333 F.3d at 553; *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that respondent's motion to dismiss the petition be granted to the extent the petition is DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 16, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 16, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 28th, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE